United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 23, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-60310
Summary Calendar

AFRICAN METHODIST EPISCOPAL CHURCH,

Plaintiff-Counter Defendant-Appellant,

versus

PLAINVILLE CATHOLIC METHODIST EPISCOPAL
CHURCH, its members and those acting in
concert with them; FRED KELLY; KELLY
COLLINS; WALTER HUDSON,

Defendants-Counter Claimants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:01-CV-755-BN
--------------------

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

The African Methodist Episcopal Church (the AME Church) appeals the summary judgment in favor of the defendants in this diversity action alleging ownership interests in the property and buildings comprising a church in Plainville, Mississippi. The AME Church has not challenged on appeal the district court's denial of its FED. R. CIV. P. 59(e) motion.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The AME Church asserts that the district court erred in granting summary judgment in favor of the defendants because the court did not have before it verified and authenticated documents or expert testimony. Because the AME Church did not challenge the lack of authentication before the district court during the time the summary judgment motion was pending, the district court did not abuse its discretion in considering the evidence. See Equia v. Tompkins, 756 F.2d 1130,1136 (5th Cir. 1985).

The AME Church also contends that the district court erred in granting summary judgment because the evidence submitted by the defendants establish a genuine issue of material fact regarding who in fact owns the property. The AME Church has not established that the two deeds, which describe property in different townships of Yazoo County, Mississippi, created a "genuine issue of material fact." FED. R. CIV. P. 56(c). For the first time on appeal, the AME Church indicates that it may have a superior interest in the property based upon its history of possession. Because the AME Church did not file a response to the motion for summary judgment, it cannot raise a new theory for relief. See John v. Louisiana (Bd. of Trustees for St. Coll. and Univ.), 757 F.2d 698, 710-11 (5th Cir. 1985). The AME Church has presented no argument in support of its assertion that the district court failed to consider the defendants' seizure of the AME Church's personal and movable property. See FED. R. APP. P. 28(a)(9). The judgment of the

district court granting the defendants' motion for summary judgment is AFFIRMED.

In their appellate brief, the defendants move for sanctions on the basis of the frivolity of the AME Church's appeal.  This motion is DENIED.  See 28 U.S.C. §§ 1912, 1927; FED. R. APP. P. 38; Edwards v. General Motors Corp., 153 F.3d 242, 246 (5th Cir. 1998).

AFFIRMED; MOTION FOR SANCTIONS DENIED.